IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| IVAN WILLIAM ENSMINGER, #871169 | § | |
| VS. | § | CIVIL ACTION NO. 4:12cv327 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

Petitioner Ivan William Ensminger, an inmate confined in the Texas prison system, proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The cause of action was referred to United States Magistrate Judge Amos L. Mazzant, who issued a Report and Recommendation concluding that the petition was a successive petition, which should be dismissed because Ensminger did not have permission from the Fifth Circuit to file it. Ensminger responded by filing a document entitled "Notice of Appeal," which is construed as objections.

The present proceeding was begun by Ensminger filing a document entitled "Motion for Application for a Writ of Habeas Corpus." He asserted that the dismissal of his previous 2254 petition was appealed to the Fifth Circuit and the Fifth Circuit remanded the case back to this Court with instructions to make findings of fact and conclusions of law consistent with the opinion. He complained that this Court has not complied with the Fifth Circuit's instructions.

The document submitted by Ensminger was filed as a new petition for a writ of habeas corpus. After reviewing the history of the previous 2254 proceeding in *Ensminger v. Director, TDCJ-CID*, No. 4:02cv256, Magistrate Judge Mazzant concluded that the present proceeding was barred by 28 U.S.C. § 2244(b) because Ensminger had not received permission to file a second or successive proceeding. In his objections, Ensminger again asserted that the Fifth Circuit remanded his previous case, but he is mistaken. A copy of the Fifth Circuit's mandate from the previous case is attached, which shows that a certificate of appealability was denied. The decision issued in Civil Action No. 4:02cv256 is now final. The present proceeding is a successive habeas proceeding, and the case must

1

be dismissed because the Fifth Circuit has not granted him permission to file a second or successive petition.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Ensminger to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Ensminger's objections are without merit. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** without prejudice for lack of subject matter jurisdiction. It is further

**ORDERED** that all motions not previously ruled on are hereby **DENIED**. It is finally

**ORDERED** that the Clerk of Court shall returned unfiled any new petitions for a writ of habeas corpus submitted by Ensminger regarding his Cooke County aggravated sexual assault conviction unless he shows that he has received permission from the Fifth Circuit to file it.

So **ORDERED** and **SIGNED** on October 24, 2012.

_____
Ron Clark
United States District Judge

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
**FILED**

NOV 0 7 2006

No. 05-41019
USDC No. 4:02-CV-256

CHARLES R. FULBRUGE III
CLERK

IVAN WILLIAM ENSMINGER,

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

Petitioner-Appellant,

NOV 1 3 2006

versus

DAVID J. MALAND, CLERK
BY
DEPUTY_____

NATHANIEL QUARTERMAN, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------

Appeal from the United States District Court
for the Eastern District of Texas

--------------------

O R D E R:

Ivan William Ensminger, Texas prisoner # 871169, seeks a certificate of appealability to appeal the denial of his 28 U.S.C. § 2254 petition, which challenged his conviction for aggravated sexual assault. To obtain a COA, Ensminger must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). When the constitutional claims have been rejected on the merits, the COA applicant must show "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Miller-El, 537 U.S. at 338.

ORDER
No. 05-41019
-2-

Ensminger has failed to adequately brief his claims of prosecutorial misconduct, that counsel was ineffective, that his plea was involuntary, and that the judge and the State conspired to deprive him of his constitutional rights. Accordingly, these claims have been abandoned. See Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Ensminger also argues that he was denied a full and fair hearing of his claims by the state habeas court and that the failure to consider those claims constituted an abuse of state law. Ensminger has failed to make the showing required to obtain a COA with respect to this claim. See Miller-El, 537 U.S. at 338. His motion for a COA is DENIED.

PRISCILLA R. OWEN
UNITED STATES CIRCUIT JUDGE

A true copy
Attest:
Clerk, U.S. Court of Appeals, 5th Circuit
By:
New Orleans, Louisiana
NOV 0 6 2006